Matthew R. Orr, Bar No. 211097
　morr@calljensen.com
Scott R. Hatch, Bar No. 241563
　shatch@calljensen.com
Joshua G. Simon, Bar No. 264714
　jsimon@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant
GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIRSTIEMA COWAN, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC., a California corporation,<br><br>　　　　Defendant. | Case No.<br><br>**GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.'S NOTICE OF REMOVAL**<br><br>**DEMAND FOR TRIAL BY JURY**<br><br>[*Declaration of Chris Mann filed concurrently*] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Guayaki Sustainable Rainforest Products, Inc. ("Defendant" or "Guayaki") hereby removes this action from the Superior Court of the State of California for the County of Sonoma to the United States District Court for the Northern District of California, on the following grounds:

### STATEMENT OF THE CASE AND TIMELINESS OF REMOVAL

1. On January 15, 2014, Plaintiff Kirstiema Cowan ("Plaintiff") commenced an action against Defendant in the Superior Court of the State of California for the County of Sonoma, Case Number SCV 254877, by filing a Complaint entitled *"Kirstiema Cowan, individually, and on behalf of other members of the general public similarly situated v. Guayaki Sustainable Rainforest Products, Inc."*

2. On February 13, 2014, Defendant received a copy of the Complaint, Civil Case Cover Sheet, Summons, and Declaration of Kirstiema Cowan. True and correct copies of these documents are attached hereto as <u>Exhibit 1</u>.

3. In its Complaint, Plaintiff seeks, among other things, to certify a putative class that purports to include "[a]ll persons in the United States who, within the last four years, purchased Defendant's Class Products labeled with the ingredient, 'evaporated cane juice' or 'organic evaporated cane juice.'" (*See* Complaint ("Compl."), ¶ 36.) Plaintiff defines "Class Products" as "Guayaki product which list either 'organic evaporated cane juice' or 'evaporated cane juice' as an ingredient". (*See* Compl., ¶ 1.) Plaintiff alleges that the "Class Products" are "widely distributed" and "sold nationwide and consumed by millions of people annually." (*See* Compl., ¶ 75.)

4. The Complaint purports to allege causes of action against Defendant for supposed violations of California Business and Professions Code §§ 17200 and 17500 *et seq.*, and the Consumer Legal Remedies Act § 1770 *et seq.*, negligent

misrepresentation, and breach of quasi contract based on Defendant's alleged improper labeling of the "Class Products."

5. On March 14, 2014, Defendant filed an Answer denying the allegations in the Complaint and reserving a number of affirmative defenses. A true and correct copy of the Answer is attached hereto as <u>Exhibit 2</u>.

6. This removal is timely filed as required by 28 U.S.C. § 1446(b) as it is brought within 30 days of service of the Complaint on February 13, 2014.

## SUBJECT MATTER JURISDICTION

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1453. This Court specifically has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is a civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. §§ 1332(d)(2) and (d)(5).

## PLAINTIFF'S CASE IS STYLED AS A PUTATIVE CLASS ACTION WITH A PROPOSED CLASS OF NOT LESS THAN 100 MEMBERS

8. The Court has CAFA jurisdiction because this lawsuit is a putative class action, and the proposed class comprises more than 100 individuals.

9. CAFA jurisdiction exists over any "class action" brought under any "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case constitutes a "class action" for purposes of removal because Plaintiff styles her complaint as a "Class Action," and the Complaint seeks certification of a class pursuant to California Code of Civil Procedure § 382, a state statute that authorizes class actions

1  if the representative plaintiff can prove that the "parties are numerous, and it is
2  impracticable to bring them all before the court . . . ." (Compl., ¶¶ 35-41.) Thus, this
3  action qualifies as a class action under CAFA.

4      10. CAFA jurisdiction exists unless "the number of members of all proposed
5  plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(A). CAFA
6  defines class members as "the persons (named or unnamed) who fall within the
7  definition of the proposed or certified class in a class action." 28 U.S.C. §
8  1332(d)(1)(D). This requirement is met here because Plaintiff seeks to represent a class
9  defined as "[a]ll persons in the United States who, within the last four years, purchased
10 Defendant's Class Products labeled with the ingredient, 'evaporated cane juice' or
11 'organic evaporated cane juice.'" (*See* Compl., ¶¶ 36.) Plaintiff further alleges that the
12 purported Class Products are "widely distributed" and "sold nationwide and consumed
13 by millions of people annually." (*See* Compl., ¶ 75.) Thus, on the face of the pleadings
14 there are more than 100 members in Plaintiff's proposed class.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

17     11. Under CAFA, "the claims of individual class members shall be aggregated
18 to determine whether the matter in controversy exceeds the sum or value of $5,000,000,
19 exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). In determining the amount in
20 controversy, "a court must assume that the allegations in the complaint are true and
21 assume that a jury will return a verdict for the plaintiff on all claims made in the
22 complaint." *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 WL 26996, *2 (N.D. Cal.
23 Jan. 2, 2014).

24     12. Where, as here, a complaint does not specify the amount in controversy,
25 the defendant must show "by a preponderance of the evidence, that the amount in
26 controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d
27 395, 397 (9th Cir. 2010).

- 3 -
NOTICE OF REMOVAL

13. As discussed above, Plaintiff brings this action on behalf of a purported class of consumers consisting of everyone in the United States who, within the last four years, purchased the Class Products, and Plaintiff further alleges that those products are "widely distributed" and "sold nationwide and consumed by millions of people annually." (*See* Compl., ¶¶ 36, 75.) Plaintiff also purports, "Had Guayaki not misbranded its Class Products . . . Plaintiff and Class members would not have purchased the product, would have purchased less of the product and/or would have paid less for the product." (*Id.* ¶¶ 34, 48, 64.) Plaintiff seeks injunctive relief, disgorgement, "[a]ctual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from . . . the sale of misbranded Class Products[,]" punitive damages, statutory enhanced damages, and attorneys' fees and costs. (*Id.* ¶¶ 56, 85.) Thus, although Defendant denies Plaintiff's false allegations of liability, injury, and damages and will oppose certification of the putative class, taking Plaintiff's allegations to be true, this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

14. In addition, the Declaration of Chris Mann ("Mann Decl.") concurrently filed herewith, establishes the amount in controversy exceeds the jurisdictional limit. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (courts may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal"). (*Id.* ¶¶ 2–3.)

15. The relief, damages, restitution and attorneys' fees claimed by Plaintiff for treatment on a class basis for all consumers in the United States for the four-year period beginning February 2010 through February 2014 would easily exceed $5,000,000, provided such remedies were granted in full as demanded in the Complaint. For example, taken alone, refunding the full purchase price to all putative class members during the claimed class period from February 2010 to February 2014 would satisfy CAFA's amount in controversy requirement. (*See* Mann Decl., ¶¶ 2-3.)

## CLASS MEMBERS ARE CITIZENS OF DIFFERENT STATES

16. CAFA jurisdiction is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). That requirement is met here because Defendant is a California-based corporation, and at least some members of the putative class are outside California. (*See* Compl., ¶¶ 36, 75.)

17. Plaintiff alleges that Defendant "is a California corporation with its principal office at 6784 Sebastopol Ave., Sebastopol, California 95742." (Compl., ¶ 27.) As such, Defendant is a citizen of California. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business.") In addition, Plaintiff purports to represent a nationwide class. (*See* Compl., ¶¶ 36, 75.) Thus, at least one plaintiff is diverse from at least one defendant, and there is minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

## EXCEPTIONS TO REMOVAL DO NOT APPLY

18. This action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(3), (4), and (9) or 28 U.S.C. § 1453(d).

19. Under § 1332(d)(3), a court may decline to exercise jurisdiction over a class action where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . ." Here, the Complaint says nothing regarding the make-up of the purported nationwide plaintiff class. All that is alleged about the specific location of the nationwide class members is that one of them, Plaintiff, is a California resident. (*See* Compl., ¶ 26.) Plaintiff, therefore, cannot meet her burden to prove that this exception to CAFA applies to this case. *See, Serrano v. 180 Connect, Inc.* 478 F.3d 1018 (9th Cir. 2007) (concluding that "the party seeking remand bears the burden of proof as to any exception under CAFA").

20. In addition, this action does not fall within any of the other categorical exceptions under CAFA. *See* 28 U.S.C. § 1332(d)(9)(A), (B), and (C) (making exception for an action (1) "concerning a covered security"; (2) "that relates to the internal affairs or governance of a corporation or other form of business enterprise"; (3) "that relates to the rights, duties (including fiduciary duties), and obligations related to or created by or pursuant to any security . . . .").

## ALL PROCEDURAL REQUISITES ARE SATISFIED

21. 28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed to the district court "embracing the place where such action is pending." The Complaint was filed and currently is pending in the California Superior Court for the County of Sonoma. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the county where the state court action was pending.

22. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto as Exhibits 1 and 2.

23. Defendant will promptly serve a notice of filing of removal, with a copy of the notice of removal annexed thereto, on Plaintiff's attorneys and will file such notice with the Clerk of the Superior Court of the State of California for the County of Sonoma.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 6 -
NOTICE OF REMOVAL

## CONCLUSION

24. For the foregoing reasons, Defendant Guayaki Sustainable Rainforest Products, Inc. hereby removes this case from the California Superior Court for the County of Sonoma to this Federal District Court.

Dated: March 17, 2014

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
Scott R. Hatch
Joshua G. Simon

By: /s/ Matthew R. Orr
    Matthew R. Orr

Attorneys for Defendant Guayaki Sustainable Rainforest Products, Inc.

## DEMAND FOR JURY

Defendant Guayaki Sustainable Rainforest Products, Inc. hereby demands a jury pursuant to FRCP 38(b) on all issues raised in the Complaint of Plaintiff.

Dated: March 17, 2014

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
Scott R. Hatch
Joshua G. Simon

By: /s/ Matthew R. Orr
    Matthew R. Orr

Attorneys for Defendant Guayaki Sustainable Rainforest Products, Inc.

# CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On March 17, 2014, I have served the foregoing document described as **GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.'S NOTICE OF REMOVAL** on the following person(s) in the manner(s) indicated below:

**SEE ATTACHED SERVICE LIST**

[ ] **(BY ELECTRONIC SERVICE)** I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[ X ] **(BY MAIL)** I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ] **(BY OVERNIGHT SERVICE)** I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ] **(BY FACSIMILE TRANSMISSION)** On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ] **(BY E-MAIL)** I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(es) indicated.

[ ] (FEDERAL) I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[X] (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on March 17, 2014, at Newport Beach, California.

*Carrie Daly*
Carrie Daly

## SERVICE LIST

| | |
|---|---|
| L. Paul Mankin, Esq.<br>Law Offices of L. Paul Mankin, IV<br>8730 Wilshire Blvd., Suite 310<br>Beverly Hills, CA 90211<br>Tel: (310) 776-6336<br>Fax: (323) 207-3885<br>pmankin@paulmakin.com | **Attorneys for**<br><br>**Plaintiff Kirstiema Cowan** |