# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

*ENDORSED FILED*

JAN 1 5 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC., a
California corporation.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

KIRSTIEMA COWAN, individually, and on behalf of other members of
the general public similarly situated.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: <br> (El nombre y dirección de la corte es:) Hall of Justice <br><br> 600 Administration Drive <br> Santa Rosa CA 95403 | **CASE NUMBER:** <br> (Número del Caso:) SCV-254877 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Paul Mankin, IV, 8730 Wilshire Blvd., Suite 310, Los Angeles, CA 90211, (310) 776-6336

| DATE: JAN 1 5 2014 <br> (Fecha) | JOSE O. GUILLEN | Clerk, by <br> (Secretario) | LUPE BEAS | , Deputy <br> (Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☒ by personal delivery on (date): 2/12/14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  L. Paul Mankin, IV (SBN 264038)
   LAW OFFICES OF L. PAUL MANKIN, IV
2  8730 Wilshire Blvd., Suite 310
   Beverly Hills, California 90211
3  Tel: (310) 776-6336
   Fax: (323) 207-3885
4  pmankin@paulmankin.com

5  Attorneys for Plaintiff Kirstiema Cowan

ENDORSED
FILED

JAN 1 5 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                      FOR THE COUNTY OF SONOMA

8

9  KIRSTIEMA COWAN, individually, and        Case No.: SCV- 254877
   on behalf of other members of the general
10 public similarly situated,                 CLASS ACTION COMPLAINT

11              Plaintiff,                     (1)  Violation of Unfair Competition Law
                                                   (Cal. Business & Professions Code
12         vs.                                      §§ 17200 et seq.);
                                              (2)  Violation of Unfair Competition Law
13 GUAYAKI SUSTAINABLE                             (Cal. Business & Professions Code
   RAINFOREST PRODUCTS, INC., a                    §§ 17500 et seq.);
14 California corporation,                    (3)  Violation of the Consumers Legal
                                                   Remedies Act (Cal. Civil Code §§ 1750 et
15              Defendant.                          seq.);
                                              (4)  Negligent Misrepresentation; and
16                                            (5)  Breach of Quasi-Contract.

17                                            Jury Trial Demanded

18

19

20

21

22

23

24

25

26

27

28

BY FAX

CLASS ACTION COMPLAINT

1    Plaintiff Kirstiema Cowan ("Plaintiff"), individually and on behalf of all other members

2    of the public similarly situated, allege as follows:

3                              **NATURE OF THE ACTION**

4        1.      Plaintiff brings this class action Complaint against Defendant GUAYAKI

5    SUSTAINABLE RAINFOREST PRODUCTS, INC. (hereinafter "Defendant" or "Guayaki")

6    to stop Defendant's practice of releasing misbranded products into the stream of commerce

7    and to obtain redress for all nationwide consumers ("Class Members") who purchased, within

8    the applicable statute of limitations period, a Guayaki product which list either "organic

9    evaporated cane juice" or "evaporated cane juice" as an ingredient (hereinafter collectively

10   referred to as the "Class Products").

11       2.      Guayaki is a California company that sells and distributes the Class Products at

12   premium prices throughout the United States.  Guayaki's principal place of business is in

13   Sebastopol, California.

14       3.      Guayaki knows that a majority of its consumers are health conscious and prefer

15   foods lacking added sugar.  Guayaki recognizes that health claims drive sales, and actively

16   promotes the health benefits of its products.

17       4.      For example, Guayaki makes the following representations regarding the Class

18   Products:

19       •   The uplifting and nourishing choices of health-minded individuals, yerba mate

20           boasts 24 vitamins and minerals.

21       •   Yerba mate, with naturally occurring caffeine, triumphs as the most balanced,

22           delivering both energy and nutrition.

23       •   Yerba Mate Provides a Wealth of Nutrients.

24       •   Yerba mate is more nutritious than green tea.

25       5.      Guayaki's website, http://guayaki.com, is also largely dedicated to promoting

26   the nutritional and health aspects of the Class Products.

27       6.      However, Guayaki sought to conceal the added sugar in the Class Products, by

28   failing to list "sugar" or "dried cane syrup" as an ingredient.  Instead, the labels lists either

---

Page I

CLASS ACTION COMPLAINT

1   "organic evaporated cane juice" or "evaporated cane juice" as an ingredient, as depicted

2   below, despite the fact that the U.S. Food and Drug Administration ("FDA") has specifically

3   warned companies that term is false and misleading.  In so doing, Guayaki has violated

4   California's Sherman Law and California consumer protection statutes.



### Traditional Mate (Case of 12)

Price: $39.99

★★★★★  5 Product Reviews  |  Write a Review

Traditional Mate is a great energizer for those who love the flavor of mate, with a touch of sweetness. [FREE SHIPPING INCLUDED]

Quantity: 1

**ADD TO CART**

"Free Shipping Included"
Q Click to Enlarge



**Nutritional Info** | Shipping Info | Reviews

## Supplement Facts
Serving Size: 8 fluid ounces (226ml)
Servings Per Container: 2

| | Amount Per Serving | % Daily Value* |
|---|---|---|
| Calories | 39 | |
| Total Carbohydrate | 10 g | 3% |
| Sugars | 10 g | |
| Proprietary Blend | 3.03 g | |
| Organic Guayakí Yerba Mate (leaf) | | † |
| Organic Guayakí Yerba Mate (extract) | | † |
| Organic Rose hips | | † |

*Percentage daily values are based upon a 2000 calorie diet.
†Daily value not established

**Other Ingredients:** purified water, organic evaporated cane juice, organic lemon juice concentrate, citric acid.

- Organic Certified
- Fair Trade Certified
- Gluten Free
- Vegan
- Soy Free
- Dairy Free
- Kosher

**Each Bottle contains:**

16 fluid ounces
140 mg. Caffeine

**Yerba Mate:**

- Helps Stimulate Focus and Clarity*
- Boosts Physical Energy*
- Traditionally Used to Support Weight Loss Programs that Include a Balanced Diet and Exercise*
- Aids Elimination*
- Contains Antioxidants*

7.      This action is not pre-empted by federal law.   State law claims based on a food

product's non-conforming, misleading or deceptive label are expressly permitted where, as

here, they impose legal obligations identical to the Food Drug and Cosmetics Act ("FDCA")

of 1938 and corresponding FDA regulations, including FDA regulations concerning naming

and labeling.

## NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT

8.      In recent years, Americans have become increasingly health conscious, with strong justification.  Numerous independent studies have come to the same conclusion:  an informed, healthy, and balanced diet is critical to a long and healthy life.[1]  Those same studies have found that poor dietary habits are one of the leading causes of preventable deaths.  Proper dietary habits regarding sugar intake have been found to have a significant correlation to improving overall health while lessening the risks of diabetes and cardiovascular diseases.  Consequently, maintaining a diet low in sugar has become important to a growing number of consumers.

9.      Guayaki is the largest United States manufacturer and distributor of Yerba Mate -- a caffeinated South American drink brewed like tea from the dried leaves of the mate plant.

10.     To profit from the public's increasing focus on dietary health, Guayaki has, at various times during the class period, advertised, marketed, and placed a label on its misbranded Class Products, listing either "organic evaporated cane juice" or "evaporated cane juice" as an ingredient.

11.     The Food Drug and Cosmetics Act of 1938 provides the Food and Drug Administration ("FDA") with the authority to oversee the safety of food, drugs and cosmetics.  21 U.S.C. §301, *et seq*.  Pursuant to this authority, the FDA has promulgated regulations and issued guidance that spell out in painstaking detail how ingredients are to be declared on the label of foods.

12.     If a manufacturer makes a claim on a food label, the label must meet certain legal requirements that help consumers make informed choices and ensure that they are not misled.  As described more fully below, Defendant has made, and continues to make false and deceptive claims in violation of federal and California laws that govern the types of representations that can be made on food labels.  These laws recognize that reasonable

---

[1] *See, e.g.*, "A Statement for Healthcare Professionals From the Nutrition Committee of the American Heart Association" http://circ.ahajournals.org/content/102/18/2284.long

1    consumers are likely to choose products claiming to have a health or nutritional benefit over

2    otherwise similar food products that do not claim such properties it benefits or that disclose

3    certain ingredients. More importantly, these laws recognize that the failure to disclose the

4    presence of risk-increasing ingredients, like sugar, is deceptive because it conveys to

5    consumers the net impression that a food makes only positive contributions to a diet, or does

6    not contain any ingredients at levels that raise the risk of diet related disease or health-related

7    condition.

8        13.    Defendant has made and continues to make, unlawful ingredient claims on the

9    food labels of its misbranded Class Products that are prohibited under applicable federal and

10   California laws. Under the FDCA section 403(a), food is considered misbranded if "its

11   labeling is false or misleading in any particular," or if it does not contain certain information

12   on it label or its labeling. 21 U.S.C. § 343(a).

13       14.    Under FDCA, the term "false" has its usual meaning of "untruthful," while the

14   term "misleading: is a term of art. Misbranding reaches not only false claims, but those

15   claims that might be technically true, but still misleading. If any one representation in the

16   labeling is misleading, the entire food is misbranded. No other statement in the labeling cure

17   a misleading statement. "Misleading" is judged in reference to "the ignorant, the unthinking

18   and the credulous who, when making a purchase, do not stop to analyze." *United States v. El-*

19   *O-Pathic Pharmacy*, 192 F.2d 62, 75 (9th Cir. 1975). Under the FDCA, it is not necessary to

20   prove that anyone was actually misled.

21       15.    Defendant's Class Products are also misbranded under applicable California

22   state law. Specifically, California's Sherman Law incorporates "[a]ll food labeling

23   regulations and any amendments to those regulations adopted pursuant to the FDCA" as "the

24   food labeling regulations of this state." Cal. Health & Saf. Code § 110100(a). "Any food is

25   misbranded if its labeling does not conform with the requires for nutrient content or health

26   claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the

27   regulations adopted pursuant thereto." Cal. Health & Saf. Code § 110670. State law claims

28   based on a food product's non-conforming, misleading or deceptive label are expressly

CLASS ACTION COMPLAINT

1    permitted when they impose legal obligations identical to the FDCA and corresponding FDA

2    regulations, including FDA regulations concerning naming and labeling. *In re Farm Raised*

3    *Salmon Cases*, 42 Cal. 4th 1077, 1094-95 (2008). Guayaki's conduct thus constitutes a

4    violation of California law for which Plaintiff and class members are entitled to seek redress

5    under the UCL, CLRA and other California consumer protection statutes.

6            16.    By way of this Complaint, Plaintiff seeks to impose requirements that are

7    identical to and do not exceed the federal requirements. As such, this action is not pre-empted

8    by federal law. State law claims based on a food product's non-conforming, misleading or

9    deceptive label are expressly permitted where, as here, they impose legal obligations identical

10   to the FDCA and corresponding FDA regulations, including FDA regulations concerning

11   naming and labeling.

12           17.    Defendant has made, and continues to make, false and deceptive claims in its

13   misbranded Class Products in violation of federal and California laws. In particular,

14   Defendant has violated federal and California labeling regulations by listing sugar and/or

15   sugar cane syrup as "evaporated cane juice."

16           18.    FDA regulations require ingredients to be declared by their common or usual

17   names. 21 C.F.R. § 101.4(a)(1); 21 C.F.R. § 101.3; 21 C.F.R. § 102.5. According to the

18   FDA, the term "evaporated cane juice" is not the common or usual name for any type of

19   sweetener, including sugar or cane products. Sugar or sucrose is defined by regulation in 21

20   C.F.R. § 101.4(b)(2) and 21 C.F.R. § 184.1854, as the common or usual name for material

21   obtained from the crystallization from sugar cane or sugar beet juice that has been extracted

22   by pressing or diffusion, then clarified and evaporated. Cane syrup is defined by regulation in

23   21 C.F.R. § 168.130. The common or usual name for the solid or dried form of cane syrup is

24   "dried cane syrup." Sugar cane products are required by regulation (21 C.F.R. § 101.4) to be

25   described by their common or usual names, sugar (21 C.F.R. § 101.4(b)(20) and 21 C.F.R. §

26   184.1854) or cane syrup (21 C.F.R. § 168.1340).

27           19.    Furthermore, in 2009 the FDA issued its Guidance to the Industry regarding

28

1   ingredients declared as evaporated cane juice.[2]  In its Guidance, the FDA advised the food

2   industry not to list "evaporated cane juice" as an ingredient on product labels "because that

3   term falsely suggests that the sweeteners are juice."  Nevertheless, Guayaki has made, and

4   continues to make, false, and deceptive claims on its misbranded Class Products in violation

5   of federal and California laws that govern the types of representations that can be made on

6   food labels.

7        20.    Defendant's violations of the law include, but not limited to, the illegal

8   advertising, marketing, distribution, delivery, and sale of Guayaki's misbranded Class

9   Products to consumers in California and throughout the United States.  As such, Guayaki's

10   misbranded Class Products cannot legally be manufactured, advertised, distributed, held, or

11   sold.

12        21.    On behalf of the class, Plaintiff seeks an injunction requiring Defendant to

13   cease circulation of the misbranded Class Products and an award of damages to the Class

14   Members, together with costs and reasonable attorneys' fees.

15                         **JURISDICTION AND VENUE**

16        22.    This class action is brought pursuant to California Code of Civil Procedure

17   section 382.  The damages and restitution sought by Plaintiff exceeds the minimal jurisdiction

18   limits of the Superior Court and will be established according to proof at trial.

19        23.  .  This Court has jurisdiction over this action pursuant to the California

20   Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in

21   all causes except those given by statute to other courts."  The statutes under which this action

22   is brought do not specify any other basis for jurisdiction.

23        24.    This Court has jurisdiction over the Defendant because, upon information and

24   belief, Defendant is either a citizen of California, has sufficient minimum contacts in

25   California, or otherwise intentionally avails itself of the California market so as to render the

26
27
28

---

[2] Guidance for Industry: Ingredients declared as Evaporated Cane Juice; Draft Guidance (Oct. 2009) *available at* http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm181491.htm (last visited Apr 9, 2013).

CLASS ACTION COMPLAINT

1   exercise of jurisdiction over it by the California courts consistent with traditional notions of

2   fair play and substantial justice.

3       25.     Venue is proper in this Court because, upon information and belief, Defendant

4   resides and transacts business in this County and the acts and omissions alleged herein took

5   place in this County.

6                          **THE PARTIES**

7       26.     Plaintiff Kirstiema Cowan is a citizen and resident of the State of California,

8   County of Los Angeles.

9       27.     Defendant GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC. is a

10  California corporation with its principal office at 6784 Sebastopol Ave., Sebastopol,

11  California 95742.

12      28.     Plaintiff is informed and believes, and thereon alleges, that each and all of the

13  acts and omissions alleged herein was performed by, or is attributable to, GUAYAKI

14  SUSTAINABLE RAINFOREST PRODUCTS, INC. and/or its employees, agents, and/or third

15  parties acting on its behalf, each acting as the agent for the other, with legal authority to act on

16  the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third

17  parties acting on its behalf, were in accordance with, and represent, the official policy of

18  Defendant.

19      29.     Plaintiff is informed and believes, and thereon alleges, that said Defendant is in

20  some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

21  occurrences, and transactions of each and all its employees, agents, and/or third parties acting

22  on its behalf, in proximately causing the damages herein alleged.

23      30.     At all relevant times, Defendant ratified each and every act or omission

24  complained of herein.  At all relevant times, Defendant, aided and abetted the acts and

25  omissions as alleged herein.

26                          **PLAINTIFF'S FACTS**

27      31.     Plaintiff Kirstiema Cowan is a health-conscious person with a history of

28  diabetes in her family who routinely purchases and pays a premium for products advertised to

1  be healthy and/or low in sugar.

2      32.    Plaintiff regularly purchased the Class Products, including, but not limited to,

3  Pure Heart Raspberry Mate, Pure Empower Mint Mate, and Pure Mind Pomegranate Mate,

4  approximately four to five times per week between May and August of 2013.  During this

5  time period Plaintiff purchased the Class Products from various Sprouts Farmer Market

6  grocery stores located in Claremont and Chino Hills, California.

7      33.    Plaintiff read and relied upon the ingredients listed on the Class Products at the

8  time of purchase, and selected Guayaki products over other less expensive alternatives

9  because she believed the Class Products contained lesser amounts of sugar and was healthier

10  for her.

11      34.    Had Guayaki properly marketed, advertised, and labeled the Class Products as

12  containing sugar, cane sugar, cane syrup, and/or dried cane syrup, Plaintiff would not have

13  purchased the product, would have purchased less of the product, and/or would have paid less

14  for the product.

15                            CLASS ACTION ALLEGATIONS

16      35.    Plaintiff brings this action, on behalf of herself and all others similarly situated,

17  and thus, seeks class certification under California Code of Civil Procedure section 382.

18      36.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

19

20          All persons in the United States who, within the last four years,
            purchased Defendant's Class Products labeled with the
            ingredient, "evaporated cane juice" or "organic evaporated cane
21          juice." ("Class Members").

22      37.    As used herein, the term "Class Members" shall mean and refer to the members

23  of the Class described above.

24      38.    Excluded from the Class are Guayaki, its affiliates, employees, agents, and

25  attorneys, and the Court.

26      39.    Plaintiff reserves the right to amend the Class, and to add additional subclasses,

27  if discovery and further investigation reveals such action is warranted.

28      40.    There is a well-defined community of interest in the litigation and the class is

1   readily ascertainable:

2       (a)   <u>Numerosity</u>:  Upon information and belief, the members of the class

3          (and subclass) are so numerous that joinder of all members would be

4          unfeasible and impractical.

5       (b)   <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately

6          protect the interests of each Class Member with whom she has a well-

7          defined community of interest, because Plaintiff bought Guayaki's

8          misbranded Class Products during the Class Period.  Guayaki's

9          unlawful, unfair and/or fraudulent actions concerns the same business

10         practices described herein irrespective of where they occurred or were

11         experiences.  Plaintiff's claims (or defenses, if any) are typical of all

12         Class Members as demonstrated herein.

13      (c)   <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately,

14         protect the interests of each class member with whom she has a well-

15         defined community of interest and typicality of claims, as demonstrated

16         herein.  Plaintiff acknowledges that she has an obligation to make

17         known to the Court any relationship, conflicts or differences with any

18         class member.  Plaintiff's attorneys, the proposed class counsel, are

19         versed in the rules governing class action discovery, certification and

20         settlement.  Plaintiff has incurred, and throughout the duration of this

21         action, will continue to incur costs and attorneys' fees that have been,

22         are and will be necessarily expended for the prosecution of this action

23         for the substantial benefit of each class member.

24      (d)   <u>Superiority</u>:  The nature of this action makes the use of class action

25         adjudication superior to other methods.  A class action will achieve

26         economies of time, effort and expense as compared with separate

27         lawsuits, and will avoid inconsistent outcomes because the same issues

28         can be adjudicated in the same manner and at the same time for the

1   entire class.

2       41.     There are common questions of law and fact as to the class members that

3   predominate over questions affecting only individual members, including but not limited to:

4               (a)    Whether Defendant engaged in unlawful, unfair, or deceptive business

5                      practices by failing to properly package and label its food products it

6                      sold to consumers;

7               (b)    Whether the Class Products at issue were misbranded as a matter of law;

8               (c)    Whether Defendant made unlawful and misleading "evaporated cane

9                      juice" claims with respect to the Class Products sold to consumers;

10              (d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et*

11                     *seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ.

12                     Code § 1750, *et seq.*;

13              (e)    Whether Plaintiff and Class Members are entitled to equitable and/or

14                     injunctive relief;

15              (f)    Whether Defendant's unlawful, unfair, and/or deceptive practices

16                     harmed Plaintiff and Class Members; and

17              (g)    The method of calculation and extent of damages for Plaintiff and Class

18                     Members

19                              **FIRST CAUSE OF ACTION**

20                      **Violation of Unfair Business Practices Act**

21                      **(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

22      42.     Plaintiff incorporates by reference each allegation set forth above.

23      43.     California Business and Professions Code Section 17200, *et seq.* prohibits "any

24  unlawful, unfair or fraudulent business act or practice."

25      44.     As set forth above, under FDA regulations wholly adopted by California's

26  Sherman Act, sugar cane products must be declared by their common or usual name including,

27  sugar, cane sugar, cane syrup, and/or dried cane syrup. Instead, Guayaki misbrands the Class

28  Products as containing "organic evaporated cane juice" or "evaporated cane juice" as an

1    ingredient on product labels, falsely suggesting that the sweetener is a juice, in violation of

2    California Sherman Act's advertising and misbranded food provisions. The declaration that

3    the Class Products contain "organic evaporated cane juice" or "evaporated cane juice" is

4    therefore an "unlawful" business practice or act under Business and Professions Code Section

5    17200 *et seq.*

6        45.    Guayaki's declaration that its Class Products contain "organic evaporated cane

7    juice" or "evaporated cane juice" in its advertising, marketing, packaging, and labeling, as set

8    forth herein, also constitutes an "unfair" business act or practice within the meaning of

9    California Business and Professions Code sections 17200 *et seq.*, because any utility for

10   Guayaki's conduct is outweighed by the gravity of the consequences to Plaintiff and Class

11   Members and because the conduct offends public policy.

12       46.    In addition, Guayaki's declaration that its Class Products contain "organic

13   evaporated cane juice" or "evaporated cane juice" in its advertising, marketing, packaging,

14   and labeling constitutes a "fraudulent" business practice or act within the meaning of Business

15   and Professions Code Section 17200 *et seq.* The applicable food labeling regulations are

16   carefully crafted to require that sugar cane products be declared by their common or usual

17   names to protect the consuming public from being deceived. Guayaki's non-compliant

18   advertising, marketing, packaging, and labeling declaring that the Class Products contain

19   "organic evaporated cane juice" or "evaporated cane juice" poses the very risk of deception

20   the regulations were promulgated to protect against.

21       47.    Moreover, there were reasonable alternatives available to Guayaki to further its

22   legitimate business interests, other than the conduct described herein. For example, Guayaki

23   could have complied with FDA requirements by declaring the inclusion of a sugar cane

24   product by their common or usual name including, sugar, cane sugar, cane syrup, and/or dried

25   cane syrup product.

26       48.    Guayaki used misbranded advertising, marketing, packaging, and labeling to

27   induce Plaintiff and Class Members to purchase its Class Products. Had Guayaki not

28   misbranded its Class Products as containing "organic evaporated cane juice" or "evaporated

1    cane juice" in its advertising, marketing, packaging, and labeling, Plaintiff and Class Members

2    would not have purchased the product, would have purchased less of the product and/or would

3    have paid less for the product. Guayaki's conduct therefore caused and continues to cause

4    economic harm to Plaintiff and Class Members.

5        49.     Guayaki has thus engaged in unlawful, unfair, and fraudulent business acts

6    entitling Plaintiff and Class Members to judgment and equitable relief against Guayaki, as set

7    forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code

8    section 17203, Plaintiff and Class Members seek an order requiring Guayaki to immediately

9    cease such acts of unlawful, unfair, and fraudulent business practices and requiring Guayaki to

10    correct its actions.

11                    **SECOND CAUSE OF ACTION**

12              **Violation of the California False Advertising Act**

13               **(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

14        50.     Plaintiff incorporates by reference each allegation set forth above.

15        51.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it

16    is unlawful to engage in advertising "which is untrue or misleading, and which is known, or

17    which by the exercise of reasonable care should be known, to be untrue or misleading."

18       . 52.     As explained above, Guayaki misbrands the Class Products as containing

19    "organic evaporated cane juice" or "evaporated cane juice" as an ingredient on product labels,

20    falsely suggesting that the sweetener is a juice.

21       . 53.     As also explained above, the applicable food labeling regulations are carefully

22    crafted to protect the consuming public from being deceived. Guayaki's non-compliant

23    advertising, marketing, packaging, and labeling declaring that the Class Products contain

24    "organic evaporated cane juice" or "evaporated cane juice" poses the very risk of deception

25    the regulations were promulgated to protect against.

26        54.     Guayaki is a multi-million dollar company advised by skilled counsel who, on

27    information and belief, are or by the exercise of reasonable care should be aware of the

28    governing regulations and their purpose, and the fact that the labels on the Class Products do

1   not comply with them.

2       55.     Guayaki's use of the misbranded labels on the Class Products therefore

3   constitutes untrue and/or misleading advertising within the meaning of Business and

4   Professions Code Section 17500 et seq.

5       56.     Plaintiff, individually and on behalf of all others similarly situated, demands

6   judgment against Guayaki for restitution, disgorgement, injunctive relief, and all other relief

7   afforded under Business & Professions Code section 17500, plus interest, attorneys' fees, and

8   costs.

9                        **THIRD CAUSE OF ACTION**

10              **Violation of the Consumers Legal Remedies Act**

11                     **(Cal. Civil Code §§ 1750 et seq.)**

12      57.     Plaintiff incorporates by reference each allegation set forth above.

13      58.     This cause of action is brought pursuant to the Consumers Legal Remedies Act,

14   California Civil Code Sections1750 et seq. ("CLRA").

15      59.     The CLRA has adopted a comprehensive statutory scheme prohibiting various

16   deceptive practices in connection with the conduct of a business providing goods, property, or

17   services to consumers primarily for personal, family or household purposes.   The self-

18   declared purposes of the act are to protect consumers against unfair and deceptive business

19   practices and to provide efficient and economical procedures to secure such protection.

20      60.     The defendant named herein is a "person" as defined by Civil Code section

21   1761(c) because it is a corporation and/or company as set forth above.

22      61.     Plaintiff and Class Members are "consumers" within the meaning of Civil Code

23   section 1761(d) because they are individuals who purchased the products at issue in this

24   complaint for personal and/or household use, i.e. the Class Products.

25      62.     The Class Products are "goods" within the meaning of California Civil Code

26   section 1761 (a) in that they are tangible products bought by Plaintiff and Class Members for

27   personal, family, and/or household use.

28      63.     Plaintiff's and Class Members' payments for the goods of the Class Products

1    are "transaction[s]" as defined by Civil Code section 1761 (e) because Guayaki entered into

2    an agreement to sell those products in exchange for Plaintiff's and Class Members' monetary

3    compensation.

4        64.    Plaintiff has standing to pursue this claim as she has suffered injury in fact and

5    has lost money as a result of Guayaki's actions as set forth herein.  Specifically, Plaintiff

6    purchased the Class Products on various occasions. Had Guayaki not marketed, advertised or

7    included the offending labels on its Class Products, Plaintiff would not have purchased the

8    product, would have purchased less of the product and/or would have paid less for the

9    product.

10       65.    Section 1770(a)(5) of the CLRA prohibits anyone from "[r]epresenting that

11   goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or

12   quantities which they do not have . . . ."  As discussed above, Guayaki misbrands the Class

13   Products as containing "organic evaporated cane juice" or "evaporated cane juice" as an

14   ingredient on product labels, falsely suggesting that the sweetener is a juice, in violation of

15   California Sherman Act's advertising and misbranded food provisions.  As a result, by

16   marketing, advertising, and employing the misbrand labels on its Class Products, Guayaki

17   effectively represented that its products has sponsorship, approval, characteristics, ingredients,

18   uses and benefits which it does not have under the governing law.

19       66.    Section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that

20   goods or services are of a particular standard, quality, or grade, or that goods are of a

21   particular style or model, if they are of another."  By marketing, advertising, and employing

22   the misbrand labels on its Class Products, Guayaki similarly represented its juice to be of a

23   particular standard, quality or grade which it is not under the governing law.

24       67.    Section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or

25   services with intent not to sell them as advertised."  As noted above, Guayaki is a multi-

26   million dollar company advised by skilled counsel who, on information and belief, are or by

27   the exercise of reasonable care should be aware of the governing regulations and their

28   purpose, and the fact that the labels on its Class Products, declaring that it contains "organic

1   evaporated cane juice" or "evaporated cane juice," does not comply with them. By

2   introducing its Class Products with non-compliant labels into the stream of commerce

3   notwithstanding this knowledge, Guayaki thus intentionally sold a misbranded product.

4       68.     Pursuant to section 1782 of the CRLA, Plaintiff notified Guayaki in writing of

5   the particular violations of section of the CLRA and demanded that Guayaki rectify the

6   problems associated with the behavior detailed above, which acts and practices are in

7   violation of Civil Code section 1770.

8       69.     Guayaki failed to adequately respond to Plaintiff's above-described demands

9   and failed to give notice to all affected consumers, pursuant to Civil Code section 1782.

10      70.     Plaintiff has filed concurrently herewith the declaration of venue required by

11  Civil Code section 1780(d).

12      71.     Plaintiff seeks an order enjoining the act and practices described above,

13  restitution of property, and any other relief that the court deems proper.

14      72.     Currently, pursuant to California Civil Code 1782(d), with respect only to

15  Plaintiff's CLRA claim, Plaintiff only seeks equitable and injunctive relief through the CLRA

16  and not actual damages via the CLRA. Upon Guayaki's failure to rectify or agree to

17  adequately rectify the problems associated with the actions detailed above, Plaintiff will

18  amend her complaint to additionally seek damages, restitutionary relief, punitive damages,

19  attorneys' fees and costs, and any other relief available under section 1780(a) of the CRLA.

20                          **FOURTH CAUSE OF ACTION**

21                          **Negligent Misrepresentation**

22      73.     Plaintiff incorporates by reference each allegation set forth above.

23      74.     Guayaki owed a duty to Plaintiff and Class Members to exercise reasonable

24  care in making representations about its Class Products which it offered for sale to consumers.

25      75.     Guayaki knew, or should have known by the exercise of reasonable care, that

26  sugar cane products must be declared by their common or usual name including, sugar, cane

27  sugar, cane syrup, and/or dried cane syrup. Never the less, Guayaki negligently and/or

28  recklessly included the non-complaint labels, declaring that its Class Products contained

1   "organic evaporated cane juice" or "evaporated cane juice," on it's widely distributed Class

2   Products that is sold nationwide and consumed by millions of people annually.

3        76. .   Plaintiff and Class Members reviewed, believed, and relied upon the

4   misbranded labels on the Class Products when deciding to purchase them, and how much to

5   pay for the Class Products.

6        77.   As a direct and proximate result of Guayaki's negligent and/or reckless

7   conduct, Plaintiff and Class Members have been damaged in an amount to be proven at trial.

8                        **FIFTH CAUSE OF ACTION**

9                       **Breach of Quasi-Contract**

10       78.   Plaintiff incorporates by reference each allegation set forth above.

11       79.   As a direct and proximate result of Guayaki's acts, as set forth above, Guayaki

12   has been unjustly enriched.

13       80.   Through unlawful and deceptive conduct in connection with the advertising,

14   marketing, promotion, and sale of its Class Products, Guayaki has reaped the benefits of

15   Plaintiff's and Class Members' payments for a misbranded product.

16       81.   Guayaki's conduct created a contract or quasi-contract through which Guayaki

17   received a benefit of monetary compensation without providing the consideration promised to

18   Plaintiff and Class Members. Accordingly, Guayaki will be unjustly enriched unless ordered

19   to disgorge those profits for the benefit of Plaintiff and Class Members.

20       82.   Plaintiff and Class Members are entitled to and seek through this action

21   restitution of, disgorgement of, and the imposition of a constructive trust upon all profits,

22   benefits, and compensation obtained by Guayaki from its improper conduct as alleged herein.

23                         **MISCELLANEOUS**

24       83.   Plaintiff and Class Members allege that they have fully complied with all

25   contractual and other legal obligations and fully complied with all conditions precedent to

26   bringing this action or all such obligations or conditions are excused.

27                   **REQUEST FOR JURY TRIAL**

28       84.   Plaintiff requests a trial by jury as to all claims so triable.

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

85.   Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)   An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)   An order certifying the undersigned counsel as Class Counsel;

(c)   A declaratory judgment that the labels on Guayaki's Class Products are unlawful;

(d)   An order requiring Guayaki, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(e)   An order requiring Guayaki to change the product packaging for its Class Products such that it complies with all applicable food labeling rules and regulations;

(f)   An order requiring Guayakiu to engage in corrective advertising regarding the conduct discussed above;

(g)   Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(h)   Punitive damages, as allowable, in an amount determined by the Court or jury;

(i)   Any and all statutory enhanced damages;

(j)   All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(k)   Pre- and post-judgment interest; and

(l)   All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: January 15, 2014

Respectfully submitted,

Law Office of L. Paul Mankin, IV

By: _____

L. Paul Mankin, IV

Attorneys for Plaintiff Kirstiema Cowan

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

L. Paul Mankin, IV (SBN 264038)
LAW OFFICES OF L. PAUL MANKIN, IV
8730 Wilshire Blvd., Suite 310
Beverly Hills, California 90211
TELEPHONE NO.: (310) 776-6336   FAX NO.: (323) 207-3885
ATTORNEY FOR (Name): Plaintiff Kirstiema Cowan

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS: 600 Administration Drive
CITY AND ZIP CODE: Santa Rosa CA 95403
BRANCH NAME: Hall of Justice

**ENDORSED FILED**

JAN 1 5 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

CASE NAME:
Cowan, Kirstiema v. Guayaki Sustainable Rainforest Products, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SCV - 254877 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE/DEPT: NANCY C. SHAFFER |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): Five; Unfair Business Practices
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 15, 2014
L. Paul Mankin, IV
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependant Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

1  L. Paul Mankin, IV (SBN 264038)
   LAW OFFICES OF L. PAUL MANKIN, IV
2  8730 Wilshire Blvd., Suite 310
   Beverly Hills, California 90211
3  Tel: (310) 776-6336
   Fax: (323) 207-3885
4  pmankin@paulmankin.com

5  Attorneys for Plaintiff Kirstiema Cowan

ENDORSED
FILED

JAN 1 5 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                      FOR THE COUNTY OF SONOMA

8

9  KIRSTIEMA COWAN, individually, and       Case No.: SCV- 254877
   on behalf of other members of the general
10 public similarly situated,                DECLARATION OF KIRSTIEMA
                                             COWAN IN SUPPORT OF VENUE FOR
11          Plaintiffs,                       CLASS ACTION COMPLAINT
                                             PURSUANT TO CIVIL CODE SECTION
12      v.                                    1780(d)

13 GUAYAKI SUSTAINABLE
   RAINFOREST PRODUCTS, INC., a
14 California corporation,

15          Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

BY FAX

DECLARATION ISO VENUE FOR KIRSTIEMA COWAN

1    I, Kirstiema Cowan, declare under penalty of perjury as follows:

2       1.      I make this declaration based upon my personal knowledge except as to those

3    matters stated herein that are based upon information and belief, which I believe to be true.  I

4    am over the age of eighteen, a citizen of the State of California, and am a named Plaintiff in

5    the litigation described in the caption page of this declaration.

6       2.      This declaration is made pursuant to California Civil Code section 1780(d).

7       3.      The complaint filed concurrently with this declaration contains a cause of

8    action for violation of the Consumers Legal Remedies Act against Defendant GUAYAKI

9    SUSTAINABLE RAINFOREST PRODUCTS, INC., which advertises, manufactures, and

10   sells Yerba Mate – a caffeinated South American drink brewed like tea from the dried leaves

11   of the mate plant, which includes the following products (collectively, "Yerba Mate

12   Products"):

13   - Traditional Yerba Mate
     - Lime Tangerine Organic Energy Shot
14   - Lemon Organic Energy Shot
15   - Chocolate Raspberry Organic Energy
16   - Pure Heart Raspberry Mate
     - Pure Passion Mate
17   - Pure Empower Mint Mate
18   - Pure Mind Pomegranate Mate
19   - Pure Endurance Citrus Mate
     - Pure Body – Peach Immune Support Blend
20   - Classic Gold Sparkling Mate
21   - Lemon Elation

22      4.      Between May and  August of 2013, I purchased Defendant's Yerba Mate

23   Products from various Sprouts Farmers Market  grocery stores located in Claremont and Chino

24   Hills, California.

25      5.      To the best of my knowledge, based upon information and belief, Defendant

26   does business in Sebastopol, California, has its principal office at 6784 Sebastopol  Ave.,

27   Sebastopol, California 95742, and manufacturers, distributes, sells, advertises and markets its

28   products, including the products at issue in this complaint, in and from Sonoma County,

Page 1

1  California. Accordingly, Sonoma County is a proper place for trial of this action.

2        I declare under penalty of perjury under the laws of California and the United States of

3  America that the foregoing is true and correct.

4        Executed this __17__ day of __January__ 2019 in Los Angeles, California.

5

6                                                              

7                                                        Kirstiema Cowan

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION ISO VENUE FOR KIRSTIEMA COWAN

EXHIBIT 2

**ENDORSED**
**FILED**

MAR 14 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1  CALL & JENSEN
   A Professional Corporation
2  Matthew R. Orr, Bar No. 211097
   Scott R. Hatch, Bar No. 241563
3  610 Newport Center Drive, Suite 700
   Newport Beach, CA 92660
4  Tel:    (949) 717-3000
   Fax:    (949) 717-3100
5  morr@calljensen.com
   shatch@calljensen.com
6
   Attorneys for Defendant Guayaki Sustainable Rainforest Products, Inc.
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF SONOMA**

10

11  KIRSTIEMA COWAN, individually, and on          Case No.   SCV 254877
    behalf of other members of the general public
12  similarly situated,                            **GENERAL DENIAL AND AFFIRMATIVE**
                                                   **DEFENSES**
13              Plaintiff,

14       vs.                                       [FAXED]

15  GUAYAKI SUSTAINABLE RAINFOREST
    PRODUCTS, INC., a California corporation,
16
                Defendant.
17

18                                                 Complaint Filed:   January 15, 2014
                                                   Trial Date:        None Set
19

20

21       Guayaki Sustainable Rainforest Products, Inc. ("Defendant") denies each and every allegation

22  of Plaintiffs' complaint.

23

24                  **DEFENSES AND AFFIRMATIVE DEFENSES**

25       Defendant sets forth below its defenses and affirmative defenses. Each defense and affirmative

26  defense is asserted as to all causes of action against it. By setting forth these defenses and affirmative

27  defenses, Defendant does not assume the burden of proving any fact, issue or element of a claim where

28

GUA01-01.1290390_1.docx.3-14-14                    - 1 -

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1   such burden properly belongs to Plaintiffs. Defendant reserves the right to allege additional defenses

2   and affirmative defenses as they become known or as they evolve during litigation.

3

4                   **FIRST DEFENSE AND AFFIRMATIVE DEFENSE**

5   Plaintiff fails to state a claim and/or sufficient facts upon which relief can be granted.

6

7                   **SECOND DEFENSE AND AFFIRMATIVE DEFENSE**

8   Plaintiff is not a real party in interest and lacks standing to seek any relief against Defendant.

9

10                   **THIRD DEFENSE AND AFFIRMATIVE DEFENSE**

11   Plaintiff's claims are barred by the doctrine of unclean hands.

12

13                   **FOURTH DEFENSE AND AFFIRMATIVE DEFENSE**

14   Plaintiff's claims are barred by the doctrine of accord and satisfaction.

15

16                   **FIFTH DEFENSE AND AFFIRMATIVE DEFENSE**

17   Plaintiff's claims are barred by the applicable statutes of limitation and/or the equitable

18   doctrine of laches.

19

20                   **SIXTH DEFENSE AND AFFIRMATIVE DEFENSE**

21   Plaintiff's purported causes of action are barred or otherwise limited to the extent that Plaintiff

22   has failed to mitigate or avoid the purported damages alleged.

23

24                   **SEVENTH DEFENSE AND AFFIRMATIVE DEFENSE**

25   Plaintiff's claims are preempted by federal law.

26

27                   **EIGHTH DEFENSE AND AFFIRMATIVE DEFENSE**

28   Plaintiff's claims are barred by the doctrine of primary jurisdiction.

1            **NINTH DEFENSE AND AFFIRMATIVE DEFENSE**

2        Plaintiff's claims are foreclosed by the First Amendment.

3

4            **TENTH DEFENSE AND AFFIRMATIVE DEFENSE**

5        Plaintiff's claims are precluded by actions, determinations and regulations of the Federal Trade

6 Commission ("FTC") and the Food and Drug Administration ("FDA"). Guayaki Sustainable

7 Rainforest Products, Inc.'s compliance with FDA and FTC regulation is a complete and/or partial

8 defense to Plaintiff's claims.

9

10           **ELEVENTH DEFENSE AND AFFIRMATIVE DEFENSE**

11        Plaintiff's claims are moot.

12

13           **TWELFTH DEFENSE AND AFFIRMATIVE DEFENSE**

14        Plaintiff's purported class action claims are inappropriate as this action cannot be certified as a

15 class.

16 Dated: March 14, 2014            CALL & JENSEN

17                        A Professional Corporation
                            Matthew R. Orr

18                        Scott R. Hatch

19

20            By:_____
                       Matthew R. Orr

21            Attorneys for Defendant Guayaki Sustainable Rainforest
           Products, Inc.

22

23

24

25

26

27

28

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On March 14, 2014, I served the foregoing document described as **GENERAL DENIAL AND AFFIRMATIVE DEFENSES** on the following person(s) in the manner indicated:

L. Paul Mankin, Esq.                    **Attorneys for**
Law Offices of L. Paul Mankin, IV
8730 Wilshire Blvd., Suite 310          **Plaintiff Kirstiema Cowan**
Beverly Hills, CA 90211
Tel: (310) 776-6336
Fax: (323) 207-3885
pmankin@paulmakin.com

[  ]   (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[ X ]   (BY MAIL)   I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

[  ]   (BY FEDEX) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call & Jensen, Newport Beach, California, following ordinary business practices.

[  ]   (BY FACSIMILE TRANSMISSION)  On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[  ]   (BY ELECTRONIC TRANSMISSION) I served electronically from the electronic notification address of _____ the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein. The electronic transmission was reported as complete and without error.

CALL &
JENSEN

1        I declare under penalty of perjury under the laws of the State of California that the foregoing is

2    true and correct, and that this declaration was executed on March 14, 2014, at Newport Beach,

     California.

3

4                                          _____

5                                          Denise Reigel

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28